IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:24CR59 |
| v. | |
| VANESSA GONZALEZ, | ORDER |
| Defendant. | |

On January 12, 2026, the Court granted (Filing No. 137) defendant Vanessa Gonzalez's ("Gonzalez") motion for leave to file an out-of-time appeal (Filing No. 136). Pursuant to that order, Gonzalez timely filed her notice of appeal by the extended deadline—January 13, 2026 (Filing No. 138).

Gonzalez now moves the Court for an order granting her in forma pauperis ("IFP") status retroactive to that date (Filing No. 142). In addition to IFP status, Gonzalez also asks the Court to appoint her trial counsel, attorney Stuart J. Dornan ("Dornan"), to represent her throughout the appeal.

Dornan explains it was always Gonzalez's intention to proceed on appeal IFP, but he could not reach her before the filing deadline, so he paid the $605 filing fee to avoid prejudicing her. A party "may proceed on appeal [IFP] without further authorization" if they were "permitted to proceed [IFP] in the district-court action," or were "determined to be financially unable to obtain an adequate defense in a criminal case[.]" Fed. R. App. P. 24(a)(3). Although Gonzalez ultimately retained Dornan to represent her in the district-court action (Filing No. 106), the magistrate judge had initially found she was eligible for appointed counsel pursuant to the Criminal Justice Act (Filing No. 9). *See* 18 U.S.C. § 3006A.

Additionally, a party desiring to appeal IFP may "file a motion in the district court" and include an affidavit that "shows . . . the party's inability to pay or to give security for fees and costs[,] (B) claims an entitlement to redress[,] and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Here, Gonzalez has submitted a financial affidavit supporting her assertion that she cannot prepay the docket fees of her appeal or post a bond for them (Filing No. 144).

After carefully reviewing the circumstances in this case and Gonzalez's sworn affidavit, the Court finds Gonzalez's request to proceed IFP on appeal satisfies the requirements of 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24(a).

The Court now turns to Gonzalez's second request that the Court appoint Dornan to represent her throughout the appeal. This request should be addressed to the United States Court of Appeals for the Eighth Circuit. Under the Eighth Circuit's local rules, a "[d]efendant's trial counsel, whether retained or appointed, shall represent the defendant on appeal, unless the Court of Appeals grants permission to withdraw." 8th Cir. R. 27B(a). Thus, because Gonzalez retained Dornan to represent her in the district court, he "shall represent [her] on appeal" unless the Eighth Circuit allows him to withdraw. *See id.* Any questions he has regarding a change in his status should be directed to the Eighth Circuit. *See* 8th Cir. R. 27A(11) (providing that the Clerk for the Eighth Circuit may grant orders regarding the "appointment of counsel on appeal in cases prosecuted under the Criminal Justice Act"). Accordingly,

IT IS ORDERED:
1. Defendant Vanessa Gonzalez's "Motion for Leave to Proceed In Forma Pauperis" (Filing No. 142) is granted in part and denied in part. Gonzalez's request to proceed in forma pauperis on appeal is granted.
2. The Clerk of Court is directed to refund Gonzalez's counsel the $605 filing fee he paid for her notice of appeal.

2

Dated this 21st day of January 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge
